Filed 11/30/20  P. v. Gonzalez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B300650 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA072648) |
| v. | |
| BENJAMIN GONZALEZ et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Reversed and remanded with directions.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant Benjamin Gonzalez.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant Gilbert Gomez.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant Gerson Bazan.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

---

## I. INTRODUCTION

Defendants and appellants Benjamin Gonzalez, Gilbert Gomez, and Gerson Bazan appeal from the trial court's denial of their Penal Code section 1170.95[1] petitions for resentencing. We reverse and remand for further proceedings as set forth below.

## II. PROCEDURAL BACKGROUND

A jury convicted defendants of first degree murder (§ 187, subd. (a)) and found true the allegation that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)).[2] The trial court sentenced Gomez and Bazan to 25 years to life in state prison and Gonzalez to 50 years to life in state prison under the Three Strikes law (§§ 667, 1170.12). With modifications not relevant to this appeal, a prior panel of this

---

[1] All further statutory references are to the Penal Code.

[2] The jury also convicted Spencer Bazan, Gerson Bazan's brother, of first degree murder and found true the gang allegation and the allegation that he personally used a knife in the commission of the crime (§ 12022, subd. (b)(1)). Spencer Bazan is not a party to this appeal. All further references to "Bazan" are to Gerson Bazan.

court affirmed defendants' convictions. (*People v. Gonzalez* (Feb. 10, 2010, B211559) [nonpub. opn.].)

In January 2019, defendants filed petitions for resentencing pursuant to section 1170.95.[3] The trial court appointed counsel for defendants and ordered the District Attorney to file responses to the petitions.[4] The District Attorney filed an opposition to the petitions, arguing that Senate Bill No. 1437 (Senate Bill 1437) impermissibly amended two California voter initiatives (Propositions 7 and 115); violated the California Constitution insofar as it purported to vacate final judgments in criminal cases; and violated the separation of powers doctrine by commanding courts to reopen final judgments and by infringing upon the Governor's pardon and commutation power. Gomez and Bazan filed replies. Counsel for Gonzalez elected not to file a reply. The trial court agreed with the District Attorney's arguments and denied the petitions.

---

[3] Bazan filed a form petition for a writ of habeas corpus. Finding that the crux of that petition concerned "'Senate Bill 1437, Petition for Resentencing, P.C. 1170.95,'" the trial court treated the petition as a petition for resentencing.

[4] The record contains prepared orders for Gomez and Bazan. A minute order suggests the trial court prepared an order concerning Gonzalez's petition that appointed counsel for Gonzalez and ordered the District Attorney to file a response to Gonzalez's petition. That order is not a part of the record on appeal.

## III.   DISCUSSION

"Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability [or the natural and probable consequences doctrine] could petition to have his conviction vacated and be resentenced.  Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,]  [¶]  (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and]  [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.'  (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 . . ., review granted Mar. 18, 2020, [S260493] (*Verdugo*).)  If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.  (*Verdugo*, [*supra*, 44 Cal.App.5th] at p. 330.)  If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95.  ([*Id*.] at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted

4

[Mar. 18, 2020, S260598].)" (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted (July 22, 2020, S262835), fn. omitted.)

Defendants argue the trial court erred in ruling that Senate Bill 1437 impermissibly amended Propositions 7 and 115 and that section 1170.95 violates the California Constitution.[5] The Attorney General concedes the trial court erred. We agree with the parties and our sister courts that Senate Bill 1437 did not directly modify or amend the statutory changes effected by Propositions 7 and 115 and that section 1170.95 does not violate the California Constitution. (*People v. Bucio* (2020) 48 Cal.App.5th 300, 307–312; *People v. Solis* (2020) 46 Cal.App.5th 762, 774–780; *People v. Cruz* (2020) 46 Cal.App.5th 740, 753–759; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 280–284; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 250–251.)

---

[5] Bazan limits his arguments to section 1170.95's constitutionality.

## IV.   DISPOSITION

The orders are reversed.  The matter is remanded to the trial court for further proceedings consistent with this opinion and section 1170.95.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.